UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE TETRA TECHNOLOGIES, INC. | ) | CIVIL ACTION NO. 4:08-CV-00965 |
| | ) | |
| SECURITIES LITIGATION | ) | JUDGE KEITH P. ELLISON |

### DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RELIEF

Defendants TETRA Technologies, Inc., Geoffrey Hertel, and George McCarroll ("Defendants") respectfully state as follows:

Plaintiff has filed a motion to compel production of privileged documents, and at the same time sought expedited relief. The request to expedite is unreasonable in light of the circumstances, and should not be obliged by this Court.

Two days after the recent motion for leave to amend was filed, Plaintiff sent a letter objecting *for the first time* to certain privilege assertions in Defendants' privilege log, and demanded that Defendants (1) admit that no privilege applies and (2) produce nearly 2,500 documents -- *within seven days*. (Docket Index ("D.I.") 133, Ex. 6.) The privilege arguments Plaintiff's letter raises for the first time obviously require proper analysis for Defendants to determine their position. Accordingly, the very same day Defendants received the letter, Defendants informed Plaintiff that it would need more than seven days to respond, and that Defendants would respond in an appropriately timely manner.[1] (D.I. 133, Ex. 7.) The **very next**

---

[1] In addition to the need to review Plaintiff's authority and consider Defendants' position on some 2,500 documents, Defendants had just been ordered by the Court to respond to the motion for leave to amend by this coming Monday, as Plaintiff was well aware. Moreover, Plaintiff's insistence on the urgency of their motion is directly at odds with Plaintiff's own prior behavior in responding to Defendants' discovery letters throughout the history of this case.

1

*day*, and again without conferring[2] and without even giving Defendants a chance to draft a response to the letter, Plaintiff filed a motion to compel production of those documents.

Plaintiff's request to expedite is a thinly-veiled effort to deprive Defendants of the opportunity to thoughtfully respond to the motion to compel, at the same time that Defendants have been directed by the Court to respond to the motion for leave by this Monday. Plaintiff seeks documents that are clearly communications of legal advice between attorney and client—the hallmark of attorney-client privilege—and attempts to use deposition testimony to transform attorneys into business consultants in order to try and access plainly privileged and protected documents. Plaintiff's privilege arguments are specious at best and will not withstand close analysis, and Defendants will fully respond to Plaintiff's arguments in a subsequent Opposition to the Motion to Compel.

Although Plaintiff claims it needs the privileged documents for the deposition of Matt McCarroll scheduled for May 21, 2010, Plaintiff needs these documents no more than it needed them for the first five depositions that have taken place in this case. (*See* D.I. 132 at 2.)[3]

Plaintiff's gamesmanship should not be rewarded by the repeated shortening of Defendants' opportunities to respond. Defendants respectfully request to be allowed to respond to Plaintiff's motion to compel 21 days under Local Rule 7.3.

---

[2] Plaintiff's letter demanding production within 7 days of presumptively privileged materials and then immediately moving to compel when informed that Defendants would need more time to consider Plaintiff's authorities is such a bare nod to the "meet and confer" requirements as to render them meaningless.

[3] Furthermore, Mr. McCarroll's deposition can always be rescheduled if necessary, and may not occur in the near future if the Court allows the amendment to occur and Defendants move to dismiss. 15 U.S.C. 17u-4(b)(3)(B); *McGuire v. Dendreon Corp.*, No. C07-800-MJP, 2009 WL 666863, at *1 (W.D. Wash. Mar. 11, 2009); *Lane v. Page*, No. CIV 06-1071, 2009 WL 1312896, at *2 (D.N.M., Feb. 9, 2009).

2

Dated: May 6, 2010

                Respectfully submitted,

                */s/ Paul R. Bessette*
                Paul R. Bessette
                Attorney-in-Charge
                Texas Bar No. 02263050
                S.D. Bar No. 22453
                Jesse Z. Weiss
                Texas Bar No. 24013728
                S.D. Bar No. 34886
                Royale M. Pence
                Texas Bar No. 24061906
                S.D. Bar No. 1029135
                GREENBERG TRAURIG LLP
                300 West Sixth, Suite 2050
                Austin, TX 78701
                Tel: 512.320.7200
                Fax: 512.320.7210

                COUNSEL FOR DEFENDANTS
                TETRA TECHNOLOGIES, INC.,
                GEOFFREY M. HERTEL, and GEORGE
                McCARROLL

*AUS 536,076,460v1 5-6-10*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I sent by email the foregoing document and the notice of electronic filing to all non-CM/ECF participants (see below).

David A. Rosenfeld
drosenfeld@csgrr.com

Samuel H. Rudman
srudman@csgrr.com

/s/ *Paul R. Bessette*

4

AUS 536,076,460v1 5-6-10