Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

IN RE TETRA TECHNOLOGIES, INC.
SECURITIES LITIGATION

_____

)
)
)
)
)
)
)

Civil Action No. 4:08-CV-00965

Judge: Keith P. Ellison

## <u>DECLARATION OF JONI BROWN RE: NOTICE PROCEDURES</u>

I, **JONI BROWN**, declare:

      1.     I am a Case Manager at Rosenthal & Company LLC, a division of Kurtzman Carson Consultants LLC ("Rosenthal"), located at 75 Rowland Way, Suite 250, Novato, California.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

      2.     The purpose of this declaration is to provide the Parties and the Court with a summary and the results of the work performed by Rosenthal related to the Notice Procedures for the In RE TETRA Technologies, Inc. Securities Litigation settlement following the Preliminary Approval.

      3.     Rosenthal was retained to, among other tasks, mail the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim Form and Release (the "Claim Form"), and to publish the Summary Notice.  Copies of the Notice, Claim Form and Summary Notice are attached hereto as Exhibits A and B and C, respectively.

**DISSEMINATION OF THE NOTICE PACKET**

4.      On July 29, 2010, Rosenthal received from the Stock Transfer Agent a computerized list of 369 names and addresses, which contained information of all the shareholders for the record accounts of TETRA Technologies, Inc. for the period between May 3, 2006 and October 16, 2007, inclusive.

5.      On August 2, 2010, Rosenthal distributed copies of the Notice Packet to 595 nominee banks and brokers with the instruction to either distribute copies of the Notice Packet to all beneficial holders within the class or to provide Rosenthal with contact information for such beneficial holders. Rosenthal also distributed e-mails to 316 nominee banks and brokers with information about the settlement and a request to either distribute copies of the Notice Packet to all beneficial holders within the class or to provide Rosenthal with contact information for such beneficial holders.  To date, Rosenthal has been contacted by 55 nominees who have passed along contact information to Rosenthal or who have requested copies of the Notice Packet to distribute to their clients.

6.      On or before August 2, 2010, I caused the Notice to be printed, and each of the names and addresses of the class members to be printed on them.  I then caused a Notice and Claim Form to be folded into a self-mailer for each Class Member and nominee (the "Notice Packets").

7.      On August 2, 2010 (the "Notice Date"), I caused the 964 Notice Packets to be mailed by First Class postage at the U.S. Post Office in Santa Ana, California.

8.      Since the Notice Date, Rosenthal has received requests from nominees for 44,345 additional Notice Packets to be mailed either directly to the Class Member list provided by the nominee or for dissemination by them.  All of these requests have been processed and satisfied.

**PUBLICATION OF THE SUMMARY NOTICE**

9.      On or before August 4, 2010, I caused the Summary Notice to be published in the Wall Street Journal shown in Exhibit D attached hereto.  The Affidavit of Publication for the Wall Street Journal is attached hereto as Exhibit E.

**WEBSITE AND TOLL-FREE TELEPHONE NUMBER**

10.      On or before August 2 2010, I caused a website to be established (http://

www.tetratechnologiesincsecuritieslitigation.com/) to provide information about the settlement and to allow Class Members to download copies of the Claim Form and Notice.

11.     On or before August 2, 2010, I caused a toll-free telephone number to be established, and the staff members of the Rosenthal Call Center to be trained in the details of this settlement, so that they could provide information about filling out the Claim Form and receive requests for Notices and Claim Forms.

12.     As of the date of this declaration, 53 calls have been handled by the Rosenthal Call Center.  Of these callers, two requested a Notice Packet.  All Notice Packet requests have been fulfilled.

## **OPT-OUTS AND OBJECTIONS**

13.     As of the date of this declaration, Rosenthal has received zero Requests for Exclusion.

14.     As of the date of this declaration, Rosenthal has received zero Objections to the Settlement.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 16th day of September 2010 at Novato, California.

Joni Brown

_____
Joni Brown

3

Declaration of Joni Brown Re: Notice Procedures

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Exhibit A**

| | | |
|---|---|---|
| IN RE TETRA TECHNOLOGIES, INC. | ) | |
| SECURITIES LITIGATION | ) | **Civil Action No. 4:08-CV-00965** |
| | ) | |
| | ) | **JUDGE KEITH P. ELLISON** |

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

IF YOU PURCHASED THE PUBLICLY TRADED COMMON STOCK OF TETRA TECHNOLOGIES, INC. ("TETRA") BETWEEN MAY 3, 2006 AND OCTOBER 16, 2007, INCLUSIVE ("CLASS PERIOD"), YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

The Settlement will provide a Settlement Fund of $8.25 million in cash (the "Settlement Fund") to pay claims of investors who suffered alleged damages from transactions of TETRA publicly traded common stock between May 3, 2006 and October 16, 2007, inclusive. Lead Plaintiff for the class estimates that there were approximately 44.2 million TETRA common shares publicly traded one or more times during the Class Period that may have been damaged as alleged in the Action. Lead Plaintiff estimates that if claims are filed on behalf of 100% of these shares, then the Settlement represents an estimated average recovery of $0.19 per share. This recovery figure is an estimate and is before deduction of the cost of notice and administration of the Settlement, attorneys' fees and expenses. Your actual recovery, if any, will vary depending on your purchase price and sale price, the dates of your purchase and/or sale and the number of shareholders that file Proof of Claim and Release forms. See Question 8 below for a more detailed explanation.

Lead Plaintiff's Counsel intend to ask the Court to award them attorneys' fees not to exceed 18% of the Settlement Fund, along with reimbursement of out-of-pocket expenses, including expert fees, in an amount not to exceed $557,928.76. If the Court awards 18% of the Settlement Fund as attorneys' fees, together with reimbursement of out-of-pocket expenses, the impact will affect the per damaged share recovery by an estimated amount of -$0.05. Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for plaintiffs' counsel to be awarded a percentage of the Settlement Fund as their attorneys' fees.

The Settlement resolves a lawsuit concerning whether during the Class Period, Defendants knowingly and/or recklessly disseminated materially false and misleading statements or made material omissions concerning the business operations and financial condition of TETRA. The lawsuit alleges that as a result of these alleged misrepresentations and omissions, the prices of TETRA stock during the Class Period were artificially inflated. The parties disagree on both liability and damages. The issues on which the parties disagree also include (a) the amount by which the price of TETRA stock was allegedly artificially inflated (if at all) during the Class Period; (b) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of TETRA stock at various times during the Class Period; and (c) whether the statements made or facts allegedly omitted in violation of law were material or otherwise actionable under the federal securities laws. Lead Plaintiff's Counsel considered that there was a substantial risk that Lead Plaintiff and the Class might not have prevailed on all their claims and that there were risks that the decline in the price of TETRA stock could be attributed, in whole or in part, to other factors. Therefore, Lead Plaintiff and the Class could have recovered nothing or substantially less than the amount of the Settlement. The Defendants deny that they are liable to Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class have suffered any damages. Lead Plaintiff's Counsel believe this Settlement is in the best interests of the Class considering the risks posed by further litigation. See Question 4 below for further explanation.

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT (DESCRIBED HEREIN)

| | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment from the Settlement Fund. |
| EXCLUDE YOURSELF | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against TETRA concerning the legal claims being released by this Settlement. |
| OBJECT BUT REMAIN IN THE SETTLEMENT | Submit written objection to any aspect of the Settlement to the Court and also submit a Claim Form. |
| GO TO A HEARING | A hearing will be on September 29, 2010 at 2:30 p.m. and is open to the public. To speak in Court, however, you need to give advance written notice to the Court and to the parties. |
| DO NOTHING | Receive no payment. Give up your right to object to the Settlement, or any part of it, or to request exclusion from the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement, after appeals are resolved if any are filed, and after the claims are processed.  Please be patient.

Further information regarding this Settlement may be obtained by contacting Lead Plaintiff's Counsel, David R. Scott, Esq., Scott+Scott LLP, 156 South Main Street, PO Box 192, Colchester, CT 06415 (860) 537-5537.

<u>**WHAT THIS NOTICE CONTAINS**</u>

| | Page |
|---|---|
| **Basic Information** ................................................................................................................ | **3-4** |
|    1.  Why did I receive this notice package? | |
|    2.  What is this lawsuit about? | |
|    3.  Why is this a class action? | |
|    4.  Why is there a Settlement? | |
| **Who is in the Settlement** ................................................................................................... | **4** |
|    5.  How do I know if I am part of the Settlement? | |
|    6.  Are there exceptions to being included? | |
|    7.  I'm still not sure if I am included. | |
| **The Settlement Benefits - What You Get** ........................................................................ | **4** |
|    8.  What does the Settlement provide? | |
| **How You Get a Payment - Submitting a Claim Form** .................................................... | **5** |
|    9.  How can I obtain a payment? | |
|   10.  When could I receive my payment? | |
|   11.  What am I giving up to receive a payment or stay in the Class? | |
| **Excluding Yourself From the Settlement** ........................................................................ | **6** |
|   12.  How do I get out of the Settlement? | |
|   13.  If I don't exclude myself, can I sue the Defendants for the claims being released in this Settlement? | |
|   14.  If I exclude myself, can I obtain money from this Settlement? | |
| **The Lawyers Representing You** ......................................................................................... | **6** |
|   15.  Do I have a lawyer in this case? | |
|   16.  How will the lawyers be paid? | |
| **Objecting to the Settlement** .............................................................................................. | **6-7** |
|   17.  How do I make any objections I may have to the Settlement? | |
|   18.  What is the difference between objecting to the Settlement and requesting exclusion from the Settlement? | |
| **The Court's Fairness Hearing** .......................................................................................... | **7** |
|   19.  When and where will the Court decide whether to approve the Settlement? | |
|   20.  Do I have to come to the hearing? | |
|   21.  May I speak at the hearing? | |
| **If You Do Nothing** ............................................................................................................. | **7** |
|   22.  What happens if I do nothing at all? | |
| **Getting More Information** ................................................................................................. | **7** |
|   23.  Are there more details about the Settlement? | |
|   24.  How do I get more information? | |
| **Understanding Your Payment - The Plan of Allocation** ............................................... | **8** |
| **Special Notice to Securities Brokers and Other Nominees** .......................................... | **11** |
| **Inquiries** ............................................................................................................................. | **11** |

## BASIC INFORMATION

**1.    Why did I receive this notice package?**

The Court authorized this notice to be sent to you because you or someone in your family may have purchased or acquired TETRA common stock between May 3, 2006 and October 16, 2007, inclusive (the "Class Period").  The Court in charge of the case is the United States District Court for the Southern District of Texas and the case is known as *In re TETRA Technologies, Inc. Securities Litigation*, Case No. 4:08-CV-00965 (S.D. Texas).  The people who brought this lawsuit are called "Plaintiffs," and the particular plaintiff chosen to litigate the claims in this case, Fulton County Employees Retirement System ("Fulton County"), is called the "Lead Plaintiff."  Fulton County is also the "Class Representative," which means it represents your interests as a class member as well as its own.  The company and individuals they sued – TETRA Technologies, Inc., Geoffrey M. Hertel, George M. McCarroll, Joseph M. Abell and Raymond D. Symens – are called the "Defendants."

The Court authorized this notice to be sent to you because you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and resolves any objections that may be filed in opposition to the Settlement, as explained below, and if any appeals are resolved, then an administrator appointed by the Court will distribute the payments that the Settlement permits.  You may track the progress of the Settlement by visiting www.tetratechnologiesincsecuritieslitigation.com.  **This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to obtain them**.

**2.    What is this lawsuit about?**

The lawsuit claims that Defendants issued false and misleading statements about TETRA's hurricane insurance coverage and earnings and prospects during the Class Period, in press releases and other documents which made TETRA appear to be more successful than it was and which artificially increased the price of TETRA's stock that was purchased by the investors in this case.  This lawsuit alleges that when investors learned the truth, the price of TETRA stock dropped, which caused losses to Lead Plaintiff and the other investors in the Class.

This lawsuit began on March 27, 2008.  By Order dated June 27, 2008, the Court appointed Fulton County as Lead Plaintiff and approved its selection of Scott+Scott LLP as Lead Plaintiff's Counsel for the Class.  A Consolidated Amended Class Action Complaint (the "Complaint") was filed on August 26, 2008, and on August 10, 2009 Defendants answered by denying that the claims made in the Complaint had merit.

The claims and the amounts of investors' losses are sharply disputed.  Defendants have denied and continue to deny each claim and contention alleged against them.  Defendants have asserted at all times that they acted properly and in compliance with the federal securities laws that apply to this case.

While Fulton County believes that it can prove that the  Defendants were not fully truthful about the insurance and that Defendants' statements caused the asserted changes in TETRA's stock price, it recognizes that a jury might find that the Defendants' position are correct and that they did not violate the securities laws, or did not cause investors losses, or that the losses that resulted, if any, were much less than those asserted.

**3.    Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Fulton County) sue on behalf of persons who have similar claims.  All these persons and/or entities are referred to collectively as a Class, and are referred to individually as Class Members.  Bringing a case such as this as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4.    Why is there a Settlement?**

The Court did not decide in favor of Lead Plaintiff and the Class, or Defendants.  Instead, Lead Plaintiff and Defendants have agreed to settle the lawsuit.  The parties retained the services of Robert A. Meyer, Esq., as mediator for this action.  The Settlement was the product of extensive arms-length negotiations with the assistance of this respected mediator.

Lead Plaintiff has agreed to settle the lawsuit based on the risks that would be involved in a trial and its conclusion that the proposed Settlement is fair, reasonable and adequate and serves the best interests of the Class Members.  Counsel for Lead Plaintiff has determined that by settling, the cost and risks of a trial will be avoided, while at the same time providing compensation to the Class.  Lead Plaintiff and Lead Plaintiff's Counsel believe that the Settlement is best for all Class Members.

As described above, Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations with respect to liability or the amount of damages, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim asserted.  The issues on which the parties disagree include:  (1) whether Defendants made any false and misleading statements; (2) whether the statements made were materially false when made, or are otherwise actionable under the federal securities laws; (3) whether Lead Plaintiff could establish loss causation for any misleading statements; (4) whether and to what extent, if at all, the Class was damaged; (5) the appropriate economic model for determining the amount by which TETRA common stock was allegedly artificially inflated (if at all) during the Class Period; (6) the extent to which the various matters that Lead Plaintiff

alleged were materially false or misleading (if at all) influenced and artificially inflated (if at all) the trading price of TETRA common stock at various times during the Class Period; (7) the extent to which external factors influenced the trading price of TETRA common stock at various times during the Class Period; and (8) whether, and to what extent, factors other than the misrepresentations that Lead Plaintiff alleged caused TETRA's common stock prices to drop.

Although Lead Plaintiff's Counsel were prepared to defend against summary judgment and go to trial, and were confident in the merits of their case, Lead Plaintiff's Counsel recognize that the claims may not have survived summary judgment and that trial is a risky proposition and Lead Plaintiff and the Class may not have prevailed on all, or any, of their claims. In addition, Lead Plaintiff's Counsel believe that this Settlement provides a substantial recovery to the Class Members and that the Class may not have obtained a greater recovery if the case had gone to trial.

Defendants continue to deny liability and deny that Lead Plaintiff and the Class Members were damaged. These disputes regarding both the merits of the Action and the damages would be subject to expert testimony and, therefore, it would be impossible to predict with certainty which of the parties' arguments would find favor with the Court in a summary judgment context or with the jury at trial. In a trial, Lead Plaintiff could have recovered nothing or substantially less than the amount of the Settlement. Further, even assuming that Lead Plaintiff could have won at trial, any verdict would inevitably be the subject of appeal and the recovery to Class Members would have remained uncertain and been further delayed.

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am part of the Settlement?**

Everyone who fits the following description, and is not excluded by the definition of the Class, is a Class Member: All persons or entities who purchased TETRA publicly traded common stock between May 3, 2006 and October 16, 2007, inclusive (the "Class Period") and were damaged as alleged in the action thereby. See Question 6 for more information.

**6. Are there exceptions to being included?**

You are not a Class Member if you are a Defendant in this lawsuit. The Class also excludes members of the immediate family of each of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of TETRA, any entity in which any excluded person had a controlling interest, the legal representatives, heirs, successors, spouses and assigns of any excluded person. See Question 5 for more information.

Also, if you exclude yourself from the Class, as described below, you are not a part of the Class. If one of your mutual funds owns TETRA stock, that alone does not make you a Class Member. You are a Class Member only if you purchased or acquired TETRA publicly traded common stock during the Class Period. Contact your broker to see if you hold or held TETRA common stock during the Class Period.

To be a Member of the Class, you must have purchased or acquired TETRA publicly traded common stock during the Class Period. The U.S. Supreme Court has interpreted the federal law that forms the basis of the lawsuit as limiting damages to persons who sustained losses caused by the revelation of previously withheld information. As a practical matter, this means that only Members of the Class who acquired and held positions in TETRA common stock during the Class Period sustained damages.

**7. I'm still not sure if I am included.**

If you are still not sure whether you are included in the Class, you may ask for free help by calling 1-888-701-5937 for more information. Alternatively, you may fill out and return the claim form attached to this notice, described in Question 9, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the Settlement provide?**

The terms of the proposed Settlement are summarized below, and the full Settlement terms are contained in a Stipulation and Agreement of Settlement (the "Stipulation") dated July 21, 2010. You can obtain a copy of the Stipulation by writing to Lead Plaintiff's Counsel: David R. Scott, Esq., Scott+Scott LLP, 156 South Main Street, PO Box 192, Colchester, CT 06415, (860) 537-5537, or by visiting www.tetratechnologiesincsecuritieslitigation.com.

The proposed Settlement calls for Defendants to create a Settlement Fund in the amount of $8.25 million. Lead Plaintiff estimates there were approximately 44.2 million TETRA common shares allegedly damaged during the Class Period, and that the average recovery per allegedly damaged share is $0.19 before the accrual of interest, the payment of taxes on accrued interest, if any, and the deduction of Court-awarded attorneys' fees and expenses, and costs of notice and claims administration. If you are a Class Member, you may receive more or less than this average amount depending on: (1) the number of valid claims submitted; (2) the price paid for the common stock; (3) whether you sold your common stock; and (4) the date and amount you received upon sale. For purposes of the Settlement, your distribution from the Net Settlement Fund (the Settlement Fund less taxes owed, costs of notice and claims administration, attorneys' fees and expenses as awarded by the Court) will be governed by the proposed Plan of Allocation described in this notice, or such other Plan of Allocation as may be approved by the Court.

**HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM**

**9.    How can I obtain a payment?**

To qualify for payment, you must submit a claim form ("Proof of Claim") to the Claims Administrator. A claim form is attached to this notice. You may also obtain a claim form on the Internet at www.tetratechnologiesincsecuritieslitigation.com. Read the instructions carefully, fill out the form, include all the required documents, sign it, and mail it to the address provided, postmarked no later than October 29, 2010 to the Claims Administrator as follows:

*TETRA Technologies, Inc., Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

The Claims Administrator will process your claim and advise you if you are an "Authorized Claimant" – meaning that your claim satisfies the requirements approved by the Court.

**10.   When could I receive my payment?**

The Court will hold a hearing on September 29, 2010 at 2:30 p.m. to decide whether to approve the Settlement. Even if Judge Ellison approves the Settlement, it may take more than a year before the Settlement Fund is distributed to the Class Members because there may be appeals that would delay the implementation of the Settlement and resolving the appeals can take time, which can exceed a year. The other reason that it may take more than a year for the Settlement Fund to be distributed is that once the Settlement has been approved, and any appeals are resolved, the Claims Administrator must process all of the Proof of Claim forms. The processing by itself is a very complicated process and will take many months. Please be patient.

**11.   What am I giving up to receive a payment or stay in the Class?**

Unless you exclude yourself by following the procedures outlined below, you will remain in the Class. That means that, upon the Effective Date, you will release all Settled Claims, against all Released Parties (as defined below). It also means that all of the Court's orders will apply to you and legally bind you.

"Released Parties" means Defendants and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, directors, attorneys, agents, insurers, assigns, spouses and heirs.

"Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, without limitation, including both known claims and Unknown Claims (as defined below) (i) that have been asserted in the Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any forum by the Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on any of the claims, allegations, activities, press releases or public statements set forth in the Complaint and relate to the purchase, sale, transfer or acquisition of the publicly traded common stock of TETRA during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of any publicly traded common stock of TETRA during the Class Period. The foregoing notwithstanding, "Settled Claims" does not include the claims asserted or alleged in *In re TETRA Technologies Inc. Derivative Litigation*, Cause No. 2008-23432 (133d Dist. Ct., Harris County, Tex.).

"Unknown Claims" means any and all Settled Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Order and Final Judgment, upon the Effective Date, the Lead Plaintiff and Defendants shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out" of the Class.

**12.   How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *In re TETRA Technologies, Inc. Securities Litigation*, Case No. 4:08-CV-00965 (S.D. Texas). Be sure to include your name, address, telephone number, proof of the number of shares you purchased and sold during the Class Period, and your signature. Your exclusion request must be postmarked no later than September 8, 2010 and sent to the Claims Administrator as follows:

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded, you will not receive a Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

**13.   If I don't exclude myself, can I sue the Defendants for the claims being released in this Settlement?**

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the Class to bring or to continue your own lawsuit. Remember, the exclusion deadline is September 8, 2010.

**14.   If I exclude myself, can I obtain money from this Settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, if you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

**THE LAWYERS REPRESENTING YOU**

**15.   Do I have a lawyer in this case?**

The Court appointed the law firm of Scott+Scott LLP to represent you and other Class Members. This law firm is called Lead Plaintiff's Counsel or Class Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16.   How will the lawyers be paid?**

Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of a recovery as their attorneys' fees and reimbursement of their out-of-pocket expenses. Therefore, Lead Plaintiff's Counsel will file a motion asking the Court at the Fairness Hearing (see Question 19, below) to make an award of attorneys' fees in an amount of not more than 18% of the Settlement Fund and reimbursement of litigation expenses, including expert fees, not to exceed $557,928.76. The Court may award less or more than these amounts. These amounts will come out of the Settlement Fund. Defendants have stated that they take no position regarding these fees and expenses. If the Court awards 18% of the Settlement Fund as attorneys' fees and reimbursement of out-of-pocket expenses as set forth above, it will affect the per damaged share recovery by an estimated amount of -$0.05 per share.

**OBJECTING TO THE SETTLEMENT**

**17.   How do I make any objections I may have to the Settlement?**

If you are a Class Member, you may object to the Settlement, any part of the Settlement, or the request for attorneys' fees and reimbursement of expenses. You may state why you think the Court should not approve any part of the Settlement. The Court will consider your views. To object, you must send a written objection stating that you object to the Settlement in *In re TETRA Technologies, Inc. Securities Litigation*, Case No. 4:08-CV-00965 (S.D. Texas). Be sure to include your name, address, telephone number, your signature, proof of the number of TETRA common shares subject to this settlement that you purchased and sold during the Class Period, and the reasons why you object to the Settlement or any part of the Settlement. Be sure to mail the objection to each of the three places stated below, postmarked no later than September 8, 2010:

| COURT | LEAD PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court | David R. Scott | Paul R. Bessette |
| United States District Court | Scott+Scott LLP | Greenburg Traurig LLP |
| Southern District of Texas | 156 South Main St. | 300 West Sixth, Suite 2050 |
| 515 Rusk Ave., Rm 3716 | P.O. Box 192 | Austin, TX  78701 |
| Houston, TX  77208 | Colchester, CT  06415 | |

By filing any objection, the objector consents to being deposed in his or her district of residence prior to the Fairness Hearing.

**18.  What is the difference between objecting to the Settlement and requesting exclusion from the Settlement?**

Objecting is simply telling the Court that you don't like something about the Settlement. You may object only if you stay in the Class.  By excluding yourself from the Settlement, you are stating that you don't want to be part of the Class.  If you exclude yourself from the Settlement, you have no basis to object because the case no longer affects you.

<h3 style="text-align:center">THE COURT'S FAIRNESS HEARING</h3>

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak.

**19.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at 2:30 p.m. on September 29, 2010, at the United States District Court for the Southern District of Texas, 515 Rusk Ave., Room 3716, Houston, TX 77208.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Ellison will listen to Class Members (or their counsel) who have submitted written objections and written indication(s) of their intention to appear and speak at the hearing, as long as they are postmarked no later than September 8, 2010, and mailed to the three different places listed in the chart following Question 17, above.  The Court may also decide how much to award Lead Plaintiff's Counsel for attorneys' fees and expenses.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**20.  Do I have to come to the hearing?**

No.  Lead Plaintiff's Counsel will answer questions Judge Ellison may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend to speak in support of any written objection that you mailed on time, but it is not necessary.  You may do so as long as you have followed the instructions set forth in the answer to Question 21, below.

**21.  May I speak at the hearing?**

If you are a Class Member and have submitted a written objection to the Settlement or the motion of Lead Plaintiff's Counsel for attorneys' fees and expenses, and follow the instructions set out in response to Questions 17 and 19 above, you (or your counsel) may speak at the Fairness Hearing in support of your objection.  To do so, along with your written objection, you must send a letter stating that it is your "Notice of Intention to Appear in *In re TETRA Technologies, Inc. Securities Litigation*, Case No. 4:08-CV-00965 (S.D. Texas)."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than September 8, 2010, and be sent to the Court, Lead Plaintiff's Counsel, and Defendants' Counsel, at the addresses listed in Question 17.  You cannot speak at the hearing if you exclude yourself.

<h3 style="text-align:center">IF YOU DO NOTHING</h3>

**22.  What happens if I do nothing at all?**

If you do nothing, you will not receive any money from the Settlement.  But if you are a Member of the Class, unless you exclude yourself from the Settlement, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

<h3 style="text-align:center">GETTING MORE INFORMATION</h3>

**23.  Are there more details about the Settlement?**

This notice summarizes the proposed Settlement.  More details are in the Stipulation.  You may obtain a copy of the Stipulation by visiting: www.tetratechnologiesincsecuritieslitigation.com.

**24.  How do I get more information?**

You may call 1-888-701-5937 toll free; write to the Claims Administrator, *TETRA Technologies, Inc. Securities Litigation*, P.O. Box 6177, Novato, CA  94948-6177; or visit the website at www.tetratechnologiesincsecuritieslitigation.com where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**[THIS ENTIRE SECTION IS SUBJECT TO REVIEW]**

**UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION**
**(You do not need to make any of these calculations yourself.  The**
**Claims Administrator will make all of these calculations for you.)**

A.   Defendants have agreed to pay $8,250,000 in cash.  Lead Plaintiff's damages expert estimates that there were approximately 44.2 million shares of the common stock of TETRA Technologies, Inc. publicly traded one or more times during the Class Period which may have been damaged.  As discussed below, claims were asserted under the Securities Exchange Act of 1934 (the "Exchange Act").  Lead Plaintiff's damages expert estimates that the average recovery per damaged share under the Settlement is $0.19 per damaged TETRA share for Class Members before deduction of Court-awarded attorneys' fees and expenses and the costs of administration.  A Class Member's actual recovery will be determined in accordance with the Plan of Allocation which is approved by the Court.  The Court may change the Plan of Allocation described below.

B.   After approval of the Settlement by the Court, and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation.  If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such redistribution based on their Recognized Claim, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, if in the opinion of Lead Plaintiff's Counsel such redistribution would be cost-effective.  If any funds shall remain in the Net Settlement Fund after six (6) months after such redistribution, or if redistribution is not made because it was deemed not cost effective, then such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Plaintiff's Counsel after notice to the Court and subject to direction, if any, by the Court.

C.   The Settlement Fund will be distributed as follows:

(i)    First, to pay all federal, state, and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

(ii)   To pay costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members;

(iii)  To reimburse plaintiffs' counsel for the costs and expenses they incurred in commencing and prosecuting the Action, with interest on such money, if and to the extent allowed by the Court;

(iv)   To pay plaintiffs' counsel's attorneys' fees, with interest on such amount, to the extent allowed by the Court; and

(v)    To compensate Authorized Claimants with the balance of the Net Settlement Fund in accordance with the Plan of Allocation, subject to an Order of the Court approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve), and subject to such Order's becoming Final (meaning that the time for appeal or appellate review of the Order granting final approval has expired, or, if the Order is appealed, that the appeal is either decided without causing a material change in the Order or is upheld on appeal and no longer subject to appellate review by further appeal or writ of certiorari).

D.   The Net Settlement Fund will not be distributed until the Court has approved a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

E.   Defendants are not entitled to get back any portion of the Settlement Fund once the Court's Order approving the Settlement becomes Final.  Defendants have no liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

F.   Approval of the Settlement is independent from approval of the Plan of Allocation.  Any determination as to the Plan of Allocation will not affect the Settlement, if approved.

G.   Only those Class Members who purchased TETRA common stock during the Class Period **AND WERE DAMAGED**, as set forth below, will be eligible to share in the distribution of the Net Settlement Fund.

H.   The Court has reserved continuing jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

I.    The Court has also reserved the right to modify the Plan of Allocation without further notice to Class Members.  Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.tetratechnologiesincsecuritieslitigation.com.

J.    Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator or other agent designated by Lead Plaintiff's Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.  Lead Plaintiff, Defendants, their respective counsel, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund,

the Plan of Allocation, or the determination, administration, calculation, or payment of any Proof of Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, if any, or any losses incurred in connection therewith.

K.   A "Recognized Loss Amount" will be calculated for each of a Claimant's purchases of TETRA common shares listed in the Proof of Claim form, and for which adequate documentation is provided.  The calculation of the Recognized Loss Amount will depend upon several factors, including (i) when the shares were purchased and (ii) whether they were held until one of the two disclosure dates (August 3, 2007 or October 16, 2007) or to the conclusion of the Class Period or (iii) sold during the Class Period, and if so, when they were sold.  The total of a Claimant's Recognized Loss Amounts, subject to adjustment for market gain or loss, shall be the Claimant's Recognized Claim.

L.   **Information Required on the Proof of Claim Form**:  Each Proof of Claim form must state and provide sufficient documentation for each Authorized Claimant's position in TETRA common shares as of the close of trading on May 2, 2006, the day before the first day of the Class Period, and the closing position in TETRA common shares as of the close of trading on October 16, 2007, the last day of the Class Period.  Each Proof of Claim form also must list and provide sufficient documentation for all transactions in this security as set forth in the Proof of Claim.

M.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market and industry factors or Company-specific factors not related to the alleged fraud.  The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding TETRA and statistical comparisons of the price movements of the TETRA common stock with the price performance of relevant market and industry indices during the Class Period (May 3, 2006 – October 16, 2007).  Lead Plaintiff and Lead Plaintiff's Counsel, in consultation with Lead Plaintiff's damages expert, have estimated the artificial inflation in each TETRA share purchased during the Class Period[1] based on date of purchase, as reflected in the table below.

| 5/3/06-1/2/07 | $0.08 |
| 1/3/07-8/2/07 | $0.69 |
| 8/3/07-10/15/07 | $0.64 |
| 10/16/07 and thereafter | $0.00 |

N.   The Plan of Allocation generally measures the amount of loss that a Class Member can claim under the Settlement for the purpose of making *pro rata* allocations of the cash in the Net Settlement Fund to Class Members who submit acceptable Proofs of Claim.  The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based on the level of alleged artificial inflation in the price of TETRA shares at the time of purchase and at the time of sale.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts beginning May 3, 2006, through and until October 16, 2007, regarding, among other things, the Company's hurricane-repair-related expenses and denial of coverage by its insurers, which had the effect of artificially inflating the prices of the TETRA shares.  Defendants deny all such allegations.  The following proposed Plan of Allocation reflects plaintiffs' allegations that the price of TETRA shares was artificially inflated during the Class Period due to misrepresentations and/or omissions regarding TETRA's hurricane-repair-related expenses, insurers' denial of coverage, and the resulting values of certain affected oil and gas properties.

O.   In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the security.  Corrective disclosures that removed the artificial inflation from the price of TETRA shares occurred on August 3, 2007, and at the opening of trading on October 16, 2007 (the "Corrective Disclosure Dates").  Accordingly, in order to have been damaged by the alleged fraud:

• a TETRA share purchased during the Class Period from May 3, 2006 through August 2, 2007 must be held at least until August 3, 2007, the day of the first corrective disclosure;

• a TETRA share purchased in the period from August 3, 2007 to the opening of trading October 16, 2007 must be held at least through the opening of New York Stock Exchange trading (9:30 a.m. E.T.) on October 16, 2007, the day of the price impact of the second corrective disclosure (which occurred at the opening of trading on October 16, 2007).

If you did not hold TETRA shares purchased in the Class Period to either of the dates indicated, the Recognized Loss Amount for those TETRA shares is $0, and any loss suffered is not compensable under the federal securities laws.

P.   To the extent a Claimant had an overall market gain from his, her or its purchases of those TETRA shares during the Class Period which were held to at least one of the disclosure dates above, the value of the Recognized Claim will be zero.  To the extent a Claimant had an overall market loss from his, her, or its purchases of TETRA shares during the Class Period which were held to at least one of the disclosure dates above, the value of the Recognized Claim will be the lesser of the Claimant's total Recognized Loss Amounts or the market loss.  The Recognized Loss Amount will be calculated as in ¶Q below.  The

---

[1]   On October 16, 2007, TETRA withdrew earnings guidance for 2007 in a press release carried on Business Wire at 9:30 a.m. Eastern Time, i.e. at the moment of opening of trading on the New York Stock Exchange.  Unless a Claimant demonstrates that a purchase of TETRA shares on October 16, 2007, was made before this time, inflation in TETRA shares purchased on that date will be considered to be zero.  Should a claimant demonstrate that the purchase was made prior to the opening of trading, inflation will be considered to be $0.64 per share.

market loss or gain will be calculated as in ¶Y below.  Such Claimants will in any event be bound by the Settlement.  You may wish to consider this when deciding whether to opt out.

Q.   **Recognized Loss Amount:**  A Claimant's Recognized Loss Amount on a purchase of a TETRA share in the Class Period will be calculated as follows.

    (a)   For a TETRA share purchased between May 3, 2006 and December 29, 2006 (trading day prior to January 3, 2007), inclusive, and held to the end of the Class Period, the Recognized Loss Amount is the lesser of:

        (i)   purchase price paid minus $16.98 (the "90-day lookback value" calculated as the mean closing price of a TETRA share during the 90 days following the Class Period, i.e., October 16, 2007 through January 14, 2008) or

        (ii)   the amount of artificial inflation per TETRA share on the date of purchase--$0.08 per share as appears in the table above.

    (b)   For a TETRA share purchased between May 3, 2006 and December 29, 2006 (trading day prior to January 3, 2007), inclusive, held to August 3, 2007 or thereafter, and sold during the Class Period, the Recognized Loss Amount is zero because inflation received at sale was equal to or greater than inflation at purchase.

    (c)   For a TETRA share purchased between January 3, 2007 and August 2, 2007, inclusive, and held to the end of the Class Period, the Recognized Loss Amount is the lesser of:

        (i)   purchase price paid minus $16.98 or

        (ii)   the amount of artificial inflation per TETRA share on the date of purchase--$0.69 per share as appears in the table above.

    (d)   For a TETRA share purchased between January 3, 2007 and August 2, 2007, inclusive, held to August 3, 2007 or thereafter, and sold during the Class Period, the Recognized Loss Amount is the difference between $0.69 inflation at purchase and the amount of inflation at date of sale as set forth in the table above.

    (e)   For a TETRA share purchased on or after August 3, 2007 and held to October 16, 2007 or thereafter, the Recognized Loss Amount is the lesser of:

        (i)   purchase price paid minus $16.98 or

        (ii)   the amount of artificial inflation per TETRA share on the date of purchase--$0.64 per share as appears in the table above.

An Authorized Claimant's Recognized Loss Amount shall be the basis for his, her or its allocated *pro rata* portion of the settlement fund.

R.   The Net Settlement Fund will be allocated among all eligible Class Members.

S.   Each Authorized Claimant shall recover his, her, or its Recognized Claim.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, however, each such Authorized Claimant shall be allocated *pro rata* shares of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  Each Authorized Claimant shall be paid an amount determined by multiplying the total in the Net Settlement Fund by a fraction the numerator of which shall be his, her or its Recognized Claim and denominator of which shall be the Total Recognized Claims of all Authorized Claimants.  This computation weighs each Class Member's claim against every other Class Member's claim.  Each Authorized Claimant will receive *pro rata* shares of the Net Settlement Fund based on his, her or its Recognized Claim.  If the prorated payment calculates to less than $10, then such payment shall be zero.

T.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

U.   The amount of a Class Member's Recognized Claim as computed above is not intended to be an estimate of what a Class Member might have been able to recover at trial, and it is not an estimate of the amount that will be paid pursuant to this Settlement.  Instead, this computation is only a method to weigh Class Members' claims against one another.  Each Authorized Claimant will receive *pro rata* shares of the Net Settlement Fund based on his, her or its Recognized Claim.

V.   All purchases and sales of TETRA shares in the Class period shall be matched on a Last-In-First-Out ("LIFO") basis; Class-Period sales will be matched first against the most recent TETRA shares purchased during the Class Period, and then against prior Class-Period purchases in backward chronological order, until the beginning of the Class Period.  Purchases and sales of TETRA shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, devise or operation of law of TETRA shares during the Class Period shall not be deemed a purchase or sale for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such TETRA shares unless specifically provided in the instrument of gift or assignment.

W.   The date of covering a "short sale" is deemed to be the date of purchase or acquisition of TETRA shares.  The date of a "short sale" is deemed to be the date of sale of TETRA common shares.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.

X.     To the extent a Claimant had a market gain from his, her or its overall transactions in those TETRA shares purchased during the Class Period which were held to at least one of the disclosure dates, the value of the Recognized Claim will be zero.  Such Claimants will in any event be bound by the Settlement.  To the extent a Claimant suffered an overall market loss on his, her or its overall transactions in those TETRA shares purchased during the Class Period and held to at least one of the disclosure dates, but that market loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual market loss.

Y.     **Calculation of market gain or loss on TETRA shares purchased in the Class Period and held to either August 3, 2007 or October 16, 2007 (the "disclosure dates")**: For purposes of determining a Claimant's market gain or loss from his, her or its overall transactions in TETRA shares purchased during the Class Period and held to one of the disclosure dates, the Claims Administrator shall:  (i) total the amount the Claimant paid for all such TETRA shares purchased and held to one of the disclosure dates (the "Total Purchase Amount"); (ii) identify by matching under the LIFO convention any Class Period share sales associated with those Class Period purchases; (iii) total the amount received for those sales (the "Sales Proceeds"); and (iv) ascribe a holding value of $16.98, the 90-day lookback value, for each TETRA share purchased during the Class Period and still held at the end of the Class Period (the "Holding Value").  The difference between (A) the Total Purchase Amount ((i) above) and (B) the sum of the Sales Proceeds received ((iii) above) plus the sum of Holding Values for all shares purchased in the Class Period and retained at the end of the Class Period ((iv) above) will be deemed a Claimant's market gain or loss on his, her or its overall transactions in the TETRA shares purchased during the Class Period and held to one of the disclosure dates.

Z.     The Plan of Allocation set forth herein is the Plan that is being proposed by Lead Plaintiff and Lead Plaintiff's Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the plan or approve a different plan of allocation without further notice to the Class.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased TETRA common stock during the Class Period as nominee for a beneficial owner, then within seven (7) days after you receive this Notice, you must either:  (a) send a copy of this Notice and the accompanying Proof of Claim and Release by first-class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator as follows:

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

If you chose option (a) above, you may request enough forms from the Claims Administrator (at no charge) to complete your mailing.  You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to approval of Lead Plaintiff's Counsel or the Court.  All communications concerning this matter should be addressed to the Claims Administrator.

## INQUIRIES

All inquires concerning this Notice, the Proof of Claim form, or any other questions by Class Members should be directed to the Claims Administrator as follows:

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated:  July 23, 2010                                                  By Order of the District Court:

                                                       /s/ Keith P. Ellison
                                                       Keith P. Ellison, U.S.D.J.

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

❰❙❙❙❙❙   ❱❱ Claim #:  TTS-«ClaimID»   «MailRec»

Postal Service:  Please do not mark barcode

                    «First1» «Last1»
                    «CO»
                    «Addr2»
                    «Addr1»
                    «City», «St»  «Zip»  «Country»

**TTS**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Exhibit
B

IN RE TETRA TECHNOLOGIES, INC.                    )
SECURITIES LITIGATION                                     )        **Civil Action No. 4:08-CV-00965**
                                                                              )
_____    )        **JUDGE KEITH P. ELLISON**


## PROOF OF CLAIM AND RELEASE


DEADLINE FOR SUBMISSION:  OCTOBER 29, 2010.


IF YOU PURCHASED PUBLICLY TRADED COMMON STOCK OF TETRA TECHNOLOGIES, INC. ("TETRA") BETWEEN MAY 3, 2006 AND OCTOBER 16, 2007, INCLUSIVE, ("CLASS PERIOD"), YOU MAY BE A "CLASS MEMBER" ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE: (1) THE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF EACH OF THE INDIVIDUAL DEFENDANTS, ANY PARENT, SUBSIDIARY, AFFILIATE, OFFICER OR DIRECTOR OF TETRA, ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, AND ASSIGNS OF ANY EXCLUDED PERSON.)


IF YOU ARE A MEMBER OF THE CLASS, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.


YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN OCTOBER 29, 2010 TO THE FOLLOWING ADDRESS:


CONTINUE ON REVERSE

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

YOUR FAILURE TO SUBMIT YOUR CLAIM BY OCTOBER 29, 2010 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY RECOVERY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.   SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

YOU MUST ALSO READ THE RELEASE AND WAIVER IN THIS PROOF OF CLAIM FORM AND SIGN IT.  FAILURE TO SIGN THIS PROOF OF CLAIM FORM AND RELEASE MAY RESULT IN DELAY OR REJECTION OF YOUR CLAIM.

**PART I:  CLAIMANT'S STATEMENT**

1.  I affirm that I purchased publicly traded common stock of TETRA between May 3, 2006 and October 16, 2007, inclusive, as listed herein.  (Do not submit this Proof of Claim if you did not purchase TETRA publicly traded securities during this period).

2.  By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Proposed Settlement of Class Action (the "Settlement Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Settlement Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Settlement Notice; and that I have not previously submitted a request for exclusion.  (If you are acting in a representative capacity on behalf of a Member of the Class (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing the Proofs of Claim.

4.  I have set forth where requested below all relevant information with respect to each purchase of TETRA publicly traded common stock during the Class Period, and each sale, if any, of such stock. I agree to furnish additional information (including transactions in other TETRA common stock) to the Claims Administrator to support this claim if requested to do so.

5.  I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of TETRA common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject common stock such as options.)

7.  I hereby acknowledge that, as a Member of the Class, I (or the person or entity for whom or which I am executing this Proof of Claim) will be bound by the terms of the Stipulation of Settlement and Order and Final Judgment in this action and, to the full extent set forth in the Stipulation of Settlement, upon the Effective Date will have granted a release of all "Settled Claims" to all "Released Parties" on behalf of myself (or on behalf of the Member for whom or which I submit this Proof of Claim) and my (or such Member's) heirs, agents, executors, administrators, beneficiaries, predecessors, successors and assigns.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files in the required file layout.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-701-5937 or visit **www.tetratechnologiesincsecuritieslitigation.com** to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**Name(s) of Beneficial Owner(s):**

Name

Joint Owner's Name (if any)

**Account Number:**

If you are a bank or other institution filing on behalf of a third-party, and an account number is needed to identify the claimant for your records, indicate account number here:

**Address if Beneficial Owner(s):**

Street Number

City

State                              Zip Code

Foreign Province                                        Country

Telephone Number (Day)                                 Telephone Number (Night)

E-mail Address

Taxpayer I.D. No. or Social Security No.

**Check one:**

☐ Individual          ☐ Corporation
☐ Joint Owners        ☐ IRA
☐ Estate              ☐ Other (Specify):_____

**Record Owner's Name (if different from Beneficial Owner listed above):**

**Market Maker or Specialist:**

I was ☐ / I was not ☐ a Market Maker or a Specialist in TETRA securities during the Class Period.

**PART II:**        **SCHEDULE OF TRANSACTIONS IN TETRA STOCK**

Separately list each of your purchases or sales of TETRA common stock below.  Photocopy this page if more space is needed.  **Be sure to include and sign your name and the last four digits of your Social Security number or Tax ID number on any additional sheets.**  The dates of purchase, acquisition or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

1.  **BEGINNING HOLDINGS:**  At the end of the day on May 2, 2006, I owned the following shares of TETRA common stock.  (If none, write "zero" or "0") (If other than zero, must be documented).

2.  **PURCHASES:** I made the following purchases of TETRA common stock between May 3, 2006 and October 16, 2007, inclusive (must be documented).  (Persons who received TETRA stock during the Class Period other than by purchase are not eligible to submit claims for those transactions, except as otherwise provided in the Notice):

| Date(s) of Purchase (List Chronologically) (mm/dd/yyyy) | Number of Shares of Stock Purchased | Purchase Price Per Share of Stock | Aggregate Cost (excluding commissions, taxes, and fees) | Please Check the Box if this Transaction was the Result of the Exercise of an Option |
|---|---|---|---|---|
| /      / | —————— | $ _____ | $ _____ | ☐ |
| /      / | —————— | $ _____ | $ _____ | ☐ |
| /      / | —————— | $ _____ | $ _____ | ☐ |
| /      / | —————— | $ _____ | $ _____ | ☐ |

Total shares of TETRA common stock purchased from May 3, 2006 through October 16, 2007, inclusive:

3.  **SALES DURING THE CLASS PERIOD**: I made the following sales (including short sales) of TETRA common stock between May 3, 2006 and October 16, 2007, inclusive (must be documented):

| Date(s) of Sale (List Chronologically) (mm/dd/yyyy) | Number of Shares of Stock Sold | Sale Price Per Share of Stock | Amount Received (excluding commissions, taxes, and fees) |
|---|---|---|---|
| /      / | —————— | $ _____ | $ _____ |
| /      / | —————— | $ _____ | $ _____ |
| /      / | —————— | $ _____ | $ _____ |
| /      / | —————— | $ _____ | $ _____ |

Total shares of TETRA common stock sold from May 3, 2006 through October 16, 2007, inclusive:

4.  **SHARES HELD AT THE END OF THE CLASS PERIOD**:  At the close of trading on October 16, 2007, I owned the following shares of TETRA common stock (If none, write "zero" or "0") (If other than zero, must be documented):

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND MUST CHECK THIS BOX ☐

## SUBSTITUTE FORM W-9

### PART 1
### Request for Taxpayer Identification Number (TIN) and Certification.

NAME: _____

Check appropriate box:

☐ Individual        ☐ Corporation
☐ Joint Owners      ☐ IRA
☐ Estate            ☐ Other (Specify):_____

Enter TIN on appropriate line.  For individuals, this is your Social Security number ("SSN").
For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.
You may enter either your SSN or your Employer Identification Number ("EIN").  For other entities, it is your EIN.

Social Security Number                          Employer Identification Number

### PART 2
### Certification

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my/our correct Taxpayer Identification Number; and I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

**NOTE: If you have been notified by the IRS that you are subject to backup withholding,
you must cross out the word "NOT" above and check here.  ☐**

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

NOTE:  If you require the instructions for Completing Substitute Form W-9, please make a written request to us at Claims Administrator, TETRA Technologies, Inc. Securities Litigation, P.O. Box 6177, Novato, CA  94948-6177.  Please note that your accountant should also be able to provide you with these instructions.

I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                                                (City)                    (State / Country)

_____        _____
(Signature)                                               Date (mm/dd/yyyy)


_____
(Type or print your name here)


_____        _____
(Signature)                                               Date (mm/dd/yyyy)


_____
(Type or print your name here)


_____
Capacity of persons signing (e.g., Beneficial Owner, Executor, Administrator or Corporate Title)

# RELEASE

1. I (we) hereby acknowledge on behalf of myself (ourselves), and any and all heirs, executors, administrators, predecessors, successors and assigns and all persons (now or in the future) acting in concert with, or who purported to act through, such persons, in full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever waive, settle, release, dismiss and discharge with prejudice and am (are) forever enjoined and barred from asserting all claims, including, without limitation, each and every Settled Claims against each and all of the Released Parties (as defined below) in any action or proceeding of any nature.

2. "Released Parties" means Defendants and any and all of their past or present partners, principals, employees, predecessors, successors, affiliates, officers, directors, attorneys, agents, insurers, assigns, spouses and heirs.

3. "Settled Claims" means any and all claims, rights, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below) (i) that have been asserted in the Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any forum by the Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on any of the claims, allegations, activities, press releases or public statements set forth in the Complaint and relate to the purchase, sale, transfer or acquisition of the publicly traded common stock of TETRA during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of any publicly traded common stock of TETRA during the Class Period.  The foregoing notwithstanding, "Settled Claims" does not include the claims asserted or alleged in *In re TETRA Technologies Inc. Derivative Litigation*, Cause No. 2008-23432 (133d Dist. Ct., Harris County, Tex.).

4. "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, upon the Effective Date, each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

5. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge all claims that have been or could have been asserted against any Plaintiff and/or Plaintiff's Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

6. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, unconditionally, and forever settle, release and expressly waive with prejudice any claims for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

7. This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

8. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in TETRA common stock which occurred during the Class Period as well as: (1) the number of shares of TETRA common stock held by me (us) at the opening of trading on May 3, 2006; and (2) the number of shares of TETRA common stock held by me (us) at the close of trading on October 16, 2007.

**UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.**

**Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)**

_____
Signature

_____          _____/_____/_____
Signature                                                                                                       Date (mm/dd/yyyy)

_____
(Title/Capacity of person(s) signing, e.g. beneficial purchaser(s), president, executor, administrator, trustee, etc.)

**ACCURATE CLAIM PROCESSING TAKES TIME.**
**THANK YOU FOR YOUR PATIENCE.**

**REMINDER CHECKLIST**

1.   Please be sure to sign this Proof of Claim (p. 6) and the Substitute Form W-9 (p. 6).  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3.   Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

5.   If you are including additional sheets with this Proof of Claim, please be sure to sign your name and write the last four digits of your Social Security number or Tax ID number on any additional sheets.

**THIS PROOF OF CLAIM AND RELEASE MUST BE POSTMARKED NO LATER THAN OCTOBER 29, 2010 AND MUST BE MAILED TO:**

*TETRA Technologies, Inc. Securities Litigation*
P.O. Box 6177
Novato, CA  94948-6177

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Exhibit C**

IN RE TETRA TECHNOLOGIES, INC.    )  **Civil Action No. 4:08-CV-00965**
SECURITIES LITIGATION         )  **JUDGE KEITH P. ELLISON**

**TO: ALL PERSONS WHO PURCHASED THE PUBLICLY TRADED COMMON STOCK OF TETRA TECHNOLOGIES INC. ("TETRA") BETWEEN MAY 3, 2006 AND OCTOBER 16, 2007, INCLUSIVE AND WERE DAMAGED AS ALLEGED IN THE ACTION THEREBY (THE "PLAINTIFF CLASS")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the Court, that a class action settlement of the above-captioned action has been proposed that could affect your rights as a member of the Plaintiff Class. A hearing will be held before the Honorable Keith P. Ellison at the United States District Court for the Southern District of Texas, 515 Rusk Ave., Room 3716, Houston, TX 77208 on September 29, 2010 at 2:30 p.m., to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, as well as Lead Plaintiff's Counsels' application for costs and fees.

IF YOU ARE A MEMBER OF THE PLAINTIFF CLASS, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN AN $8.25 MILLION SETTLE-MENT FUND. If you have not yet received the full printed Notice of Proposed Settlement of Class Action and a Proof of Claim form, you may obtain copies of these documents by contacting:

*TETRA Technologies, Inc., Securities Litigation*
P.O. Box 6177
Novato, CA 94948-6177
www.tetratechnologiesincsecuritieslitigation.com

If you are a Plaintiff Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim form **postmarked by October 29, 2010**, establishing that you are entitled to recovery. If you are a Plaintiff Class Member, and do not request exclusion from the Class, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you are excluded from the Plaintiff Class, you will not share in the Settlement and you will not be bound by any judgment entered in the Action. If you desire to be excluded from the Plaintiff Class, you must file a request for exclusion **postmarked by September 8, 2010**, in the manner and form explained in the detailed Notice referred to above.

Any objection to any of the matters to be considered at the Settlement Hearing must be mailed or delivered such that it is received by each of the following **no later than September 8, 2010.**

| **COURT** | **LEAD PLAINTIFF'S COUNSEL** | **COUNSEL FOR DEFENDANTS** |
|---|---|---|
| Clerk of the Court | David R. Scott | Paul R. Bessette |
| United States District Court | Scott+Scott LLP | Greenburg Traurig LLP |
| Southern District of Texas | 156 South Main St. | 300 West Sixth, Suite 2050 |
| 515 Rusk Ave., Rm 3716 | P.O. Box 192 | Austin, TX 78701 |
| Houston, TX 77208 | Colchester, CT 06415 | |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: JULY 23, 2010             **UNITED STATES DISTRICT COURT**
                                        **SOUTHERN DISTRICT OF TEXAS**

*Wednesday, August 4, 2010*  **C13**

# AL EARNINGS

**Exhibit D**

# AL NOTICES

**GLOBAL, NATIONAL, REGIONAL**
TO ADVERTISE CALL 1.800.366.3975
FAX: 214.640.7900

WSJMEDIAKIT.COM

## BANKRUPTCIES

RUPTCY COURT
TENNESSEE

NAL                    x    CHAPTER 11
., et al.ᶠ    :    Case No.: 10-04766
                 :    (jointly administered)
_____x

OF THE FOLLOWING BONDS (the "Bonds"):
EALTH, EDUCATIONAL AND HOUSING FACILITIES
OUNTY OF SUMNER, TENNESSEE HOSPITAL
DING AND IMPROVEMENT BONDS (SUMNER
LTH SYSTEMS, INC.) SERIES 2007A; and
HEALTH, EDUCATIONAL AND HOUSING FACILI-
E COUNTY OF SUMNER, TENNESSEE HOSPITAL
EMENT BONDS (SUMNER REGIONAL HEALTH
YSTEMS, INC.) SERIES 2008
PDB0, 86642PDC8, 86642PDD6, 86642PDE4,
PDG9, 86642PDH7, 86642PDJ3, 86642PDK0
and 86642PDL8
EMENT REGARDING BONDS; (II) PROCEDURES
T APPROVAL OF SETTLEMENT AND RELATED
; AND (III) HEARING ON SETTLEMENT

that Sumner Regional Health Systems, Inc. ("Sum-
ates (each identified below) filed separate volun-
under Chapter 11 of the United States Bankruptcy
tes Bankruptcy Court for the Middle District of Ten-
**2010** (the "**Bankruptcy Proceedings**"). Obligations
and certain other debtor-affiliates are a primary
n the Bonds.
R NOTICE that on **July 30, 2010** Sumner filed a
ptcy Proceedings to approve a settlement relating
oceeds from a sale of Sumner to LifePoint Acqui-
ement"). If approved, the Settlement will resolve
e Indenture trustee for the Bonds (the "**Trustee**")
mner, Tennessee (the "**County**") concerning the
at are collateral security for the Bonds, among
ement provides for payments by the debtors to
efit of all Bondholders as well as payments to the
to fund an orderly wind down of the Bankruptcy
otentially provide for payments to all creditors.
r provided notice of the Bankruptcy Proceedings to
oviding separate notice to Bondholders concerning
nt through the Depository Trust Company and
Market Access (EMMA) service. The Trustee has
n holders of a substantial majority in aggregate
e Bonds to pursue the Settlement.

RMATION CONCERNING THE SETTLEMENT
and County have executed formal documents
s and conditions of the Settlement. Copies of
d with the Settlement, including the settlement
ettlement Agreement"), motion to approve the
nt (the "**Settlement Motion**") and the proposed
nt Order" and, collectively with the Settlement
ement Motion, the "**Settlement Documents**") are
wing website maintained by the claims agent in
edings: http://dm.epiq11.com/SUM.
obtain copies of the Settlement Documents and
cedures concerning the Settlement Motion and
t no charge by contacting the Trustee's counsel

## CLASS ACTIONS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE TETRA TECHNOLOGIES, INC.          )    Civil Action No. 4:08-CV-00965
SECURITIES LITIGATION                          )    JUDGE KEITH P. ELLISON

**TO: ALL PERSONS WHO PURCHASED THE PUBLICLY TRADED COMMON STOCK OF TETRA TECHNOLOGIES INC. ("TETRA") BETWEEN MAY 3, 2006 AND OCTOBER 16, 2007, INCLUSIVE AND WERE DAMAGED AS ALLEGED IN THE ACTION THEREBY (THE "PLAINTIFF CLASS")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the Court, that a class action settlement of the above-captioned action has been proposed that could affect your rights as a member of the Plaintiff Class. A hearing will be held before the Honorable Keith P. Ellison at the United States District Court for the Southern District of Texas, 515 Rusk Ave., Room 3716, Houston, TX 77208 on September 29, 2010 at 2:30 p.m., to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, as well as Lead Plaintiff's Counsels' application for costs and fees.

IF YOU ARE A MEMBER OF THE PLAINTIFF CLASS, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN AN $8.25 MILLION SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement of Class Action and a Proof of Claim form, you may obtain copies of these documents by contacting:

*TETRA Technologies, Inc., Securities Litigation*
P.O. Box 6177
Novato, CA 94948-6177
www.tetratechnologiessecuritieslitigation.com

If you are a Plaintiff Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim form **postmarked by October 29, 2010**, establishing that you are entitled to recovery. If you are a Plaintiff Class Member, and do not request exclusion from the Class, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you are excluded from the Plaintiff Class, you will not share in the Settlement and you will not be bound by any judgment entered in the Action. If you desire to be excluded from the Plaintiff Class, you must file a request for exclusion **postmarked by September 8, 2010**, in the manner and form explained in the detailed Notice referred to above.

Any objection to any of the matters to be considered at the Settlement Hearing must be mailed or delivered such that it is received by each of the following no later than September 8, 2010.

| COURT | LEAD PLAINTIFF'S COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|---|
| Clerk of the Court | David R. Scott | Paul R. Bessette |
| United States District Court | Scott+Scott LLP | Greenburg Traurig LLP |
| Southern District of Texas | 156 South Main St. | 300 West Sixth, Suite 2050 |
| 515 Rusk Ave., Rm 3716 | P.O. Box 192 | Austin, TX 78701 |
| Houston, TX 77208 | Colchester, CT 06415 | |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: JULY 23, 2010                              **UNITED STATES DISTRICT COURT**
                                                                    **SOUTHERN DISTRICT OF TEXAS**

Exhibit E

## AFFIDAVIT

STATE OF TEXAS          )
                                   ) **ss:**

CITY AND COUNTY OF DALLAS)

I, Albert Fox, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): August 4, 2010; pertaining to: Tetra Technologies, Inc.; and that the foregoing statements are true and correct to the best of my knowledge.

_____

Sworn to before me this
4th day of August, 2010.

_____
Notary Public

DONNA HESTER
Notary Public, State of Texas
My Commission Expires
October 29, 2010