Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE TETRA TECHNOLOGIES, INC.   )
    SECURITIES LITIGATION      )      Civil Action No. 4:08-CV-00965
                        )
                        )      JUDGE KEITH P. ELLISON
                        )
                        )
                        )
                        )

**DECLARATION OF ARTHUR L. SHINGLER III IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND DISBURSEMENTS FILED ON BEHALF OF SCOTT+SCOTT LLP**

## <u>DECLARATION</u>

I, Arthur L. Shingler III, declare as follows.

1.      I am a member of the law firm Scott+Scott LLP.  I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2.      My firm acted as Lead Counsel in this class action.  The tasks undertaken by my firm are listed in detail in the Declaration of Beth A. Kaswan In Support of Proposed Final Approval of Class Action Settlement, Class Certification, Award of Attorneys' Fees and Expenses, and Plan of Allocation.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.      The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in securities or shareholder litigation.

5.      The total number of hours expended on this litigation by my firm is 3,592.25 hours.  The total lodestar for my firm is $2,000,372.25.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2, my firm has incurred a total of $570,568.35 in un-reimbursed expenses in connection with the prosecution of this litigation.

8.     The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9.     Attached hereto as Exhibit 3 is the Declaration of Tammy Goebeler in Support of Application of Lead Plaintiff Fulton County Employees' Retirement System for Reimbursement of Costs and Expenses, setting forth the facts underlying Lead Plaintiff Fulton County Employees' Retirement System's request for reimbursement of expenses under 15 U.S.C. §78u-4(a)(4) of $3,640.20.


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 20th day of September, 2010 in San Diego, California.

/s/ Arthur L. Shingler III
ARTHUR L. SHINGLER III

**Exhibit 1**

*In re TETRA Technologies Securities Litigation*
Time and Lodestar Report
Scott + Scott LLP
Reporting Period:  Inception through September 20, 2010

| NAME | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **Partners** | | | |
| David Scott | 58.20 | $750.00 | $43,650.00 |
| Arthur Shingler | 43.70 | $700.00 | $30,590.00 |
| Beth Kaswan | 1,276.45 | $750.00 | $957,337.50 |
| Geoff Johnson | 48.25 | $575.00 | $27,743.75 |
| **Total Partners** | **1,426.60** | | **$1,059,321.25** |
| | | | |
| **Associates** | | | |
| Hal Cunningham | 63.30 | $400.00 | $25,320.00 |
| David Goldberger | 2.40 | $400.00 | $960.00 |
| Luis Lorenzana | 112.40 | $400.00 | $44,960.00 |
| Mike Burnett | 2.50 | $600.00 | $1,500.00 |
| Stephanie Hackett | 45.50 | $380.00 | $17,290.00 |
| Jay Burke | 806.70 | $455.00 | $367,048.50 |
| Amanda Lawrence | 973.40 | $455.00 | $442,897.00 |
| Thomas Laughlin | 17.30 | $400.00 | $6,920.00 |
| **Total Associates** | **2,023.50** | | **$906,895.50** |
| | | | |
| **Paralegals** | | | |
| Cathy Johnson | 14.50 | $220.00 | $3,190.00 |
| Ellen Dewan | 33.75 | $250.00 | $8,437.50 |
| Lisa McAlister | 0.40 | $220.00 | $88.00 |
| Ann Slaughter | 93.50 | $240.00 | $22,440.00 |
| **Total Paralegals** | **142.15** | | **$34,155.50** |
| | | | |
| **TOTALS** | **3,592.25** | | **$2,000,372.25** |

# Exhibit 2

| DISBURSEMENT | TOTAL |
|---|---|
| Meals, Hotels & Transportation | $14,531.43 |
| Transcript | $15,618.10 |
| Electronic Document Storage/Retreival | $6,764.86 |
| Photocopies | $53,212.43 |
| Telephone, Facsimile | $308.23 |
| Postage | $55.06 |
| Messenger, Overnight Delivery | $1,649.94 |
| Filing, Witness & Other Fees | $2,580.59 |
| Lexis, Westlaw, Online Library Research | $2,825.11 |
| Mediation | $12,610.33 |
| Secreterial Overtime/Word Processing | $3,079.34 |
| Expert/Consultant | $457,332.93 |
| TOTAL | $570,568.35 |

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE TETRA TECHNOLOGIES, INC. | ) | |
| SECURITIES LITIGATION | ) | Civil Action No. 4:08-CV-00965 |
| | ) | |
| | ) | JUDGE KEITH P. ELLISON |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

DECLARATION OF TAMMY GOEBELER IN SUPPORT OF APPLICATION OF
LEAD PLAINTIFF FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR
REIMBURSEMENT OF COSTS AND EXPENSES

**DECLARATION**

Tammy Goebeler declares, under penalty of perjury, as follows:

1.        I am the Investment Officer of the Fulton County Employees' Retirement System ("Fulton County"), Lead Plaintiff in the above-captioned action and representative of the Class. I make this declaration in support of Fulton County's application for a payment of $3,640.20 for Fulton County's reasonable costs and expenses incurred (including lost wages) directly relating to its representation of the Class.

2.        In connection with the prosecution of this action, the Fulton County Board of Trustees and I worked closely with Michael Kramer, Esq. of Buckley & Klein LLP, our regular pension fund counsel, who liaised with class counsel, and advised the Board of Trustees with respect to this case.  I met several times with class counsel and communicated with them and Mr. Kramer in person and via telephone and e-mail regarding this case.  In addition, I gathered and compiled relevant investment and litigation-related documents prior to Fulton County's involvement and in connection with its Lead Plaintiff appointment, and gathered and produced responsive documents in connection with the defendants' requests for documents and other discovery requests on behalf of the Board.

3.        In connection with its function as liaison between myself, Fulton County and class counsel, and by approval of the Board of Trustees, Mr. Kramer is entitled to bill and charge Fulton County the 12 hours he worked on this action at the rate of $250.00 per hour for attorneys fees accrued in assisting Fulton County to oversee the work of class counsel and to ensure that Fulton County fulfilled all of its discovery and other fiduciary obligations to the Class.  These fees are litigation-specific, and  these are charges that accrue in excess of Mr. Kramer's normal monthly retainer for providing pension counsel to Fulton County.[1] I respectfully submit that these fees and expenses of $3,000.00 be reimbursed as an expense necessarily incurred in the prosecution of this litigation and fully reimbursable under 15 U.S.C. §78u-4(a)(4).

4.        Additionally, I spent considerable time in connection with Fulton County's representing the Class in the prosecution of this action.  I devoted no less than 10 hours assisting

1

class counsel and the Board of Trustees in representing the Class. The cost of these hours to Fulton County was $640.20. I respectfully submit that these expenses, as well, be reimbursed as an expense necessarily incurred in the prosecution of this litigation under 15 U.S.C. §78u-4(a)(4).

## **CONCLUSION**

Accordingly, I request a total of $3,640.20 as and for reimbursement of Fulton County's reasonable costs and expenses (including lost wages) directly relating to the representation of the Class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 20, 2010.

Tammy Goebeler

2